IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                     No. CR 05-317 BB

RUSSELL PEPPERS,

        Defendant.

## MEMORANDUM OPINION
### AND
### ORDER DENYING DEFENDANT'S MOTION TO VACATE BASED ON COLLATERAL ESTOPPEL

THIS MATTER is before the Court on *Defendant's Motion to Vacate Order Denying Defendant's Motion to Dismiss Based on Doctrine of Collateral Estoppel* [doc. 30]. The Court having reviewed the written submissions of the parties and entertained oral argument, finds the motion must be Denied.

### *Discussion*

The Defendant, Russell Peppers, is now charged in the Indictment with being a convicted felon in possession of a firearm. Based on the same incident, Defendant was charged in New Mexico state court on February 10, 2004, with receipt, transportation or possession of firearms by a felon contrary to § 30-7-16 NMSA 1978. Defendant's counsel in the state case filed a motion to suppress all evidence and statements obtained during the stop and search of the vehicle Defendant was driving away from the scene of

the search.  Counsel argued that the officers conducted an illegal and non-consensual search of the property and had no reasonable suspicion to stop Mr. Peppers' vehicle.

The Honorable William P. Lynch, then a District Judge for the Fifth Judicial District of the State of New Mexico, held an evidentiary hearing on the motion to suppress on August 19, 2004.  He heard live testimony from Detective Mark Mahone and Sgt. Rodney Morris and also reviewed their testimony from the preliminary hearing.  Judge Lynch issued a letter-ruling finding that the police officers had no reasonable suspicion allowing them to stop the vehicle being driven by Mr. Peppers.  Judge Lynch found the officers, who were doing perimeter control at the search scene, erroneously believed the officers executing the search had a search warrant which they did not.  The officers were also unable to articulate any specifics about an alleged consent to search the premises.  The State did not appeal the final order suppressing the evidence, and the case was dismissed by the State the same day.

On February 17, 2005, Defendant was indicted by a federal grand jury on the present charge.  Federal defense counsel filed a Motion to Suppress the gun seized from the automobile driven by Mr. Peppers.  An evidentiary hearing was held before the Honorable Robert Brack who was not informed of the earlier State case or Judge Lynch's decision.  On June 16, 2005, Judge Brack denied Defendant's motion with regard to suppressing the evidence from the stop.

**Defendant moves to vacate Judge Brack's decision based on the legal doctrines of collateral estoppel and res judicata. Defendant relies on *United States v. Oppenheimer* 242 U.S. 85 (1916), where the Supreme Court held that when a court dismisses an indictment as barred by the statute of limitations, the defendant cannot be reindicted for the same offense. Speaking for the Court, Justice Oliver Wendell Holmes opined:**

> **Of course the quashing of a bad indictment is no bar to a prosecution upon a good one, but a judgment for the defendant upon the ground that the prosecution is barred goes to his liability as matter of substantive law and one judgment that he is free as matter of substantive law is as good as another. <u>A plea of the statute of limitations is a plea to the merits</u> (citation omitted), and however the issue was raised in the former case, after judgment upon it, it could not be reopened in a later prosecution. ... [T]he Fifth Amendment was not intended to do away with what in the civil law is a fundamental principle of justice (citation omitted), in order, <u>when a man once has been acquitted on the merits</u>, to enable the Government to prosecute him a second time.**

**242 U.S. at 87-8 (emphasis added).**

**The distinction seems obvious. The *Oppenheimer* Court found the limitations dismissal of the previous indictment was tantamount to an acquittal on the same charge. *See Ashe v. Swenson*, 397 U.S. 436 (1970) (double jeopardy precludes retrial after acquittal). Here, Mr. Peppers was charged with a different offense in State court and Judge Lynch did not acquit him but only refused to allow the admission of evidence seized from the car. The State then voluntarily dismissed its charges. In the case at bar, Judge Brack, apparently on different evidence regarding consent, found such evidence would not be constitutionally barred on the federal charge. Although this Court would**

**hope the United States Attorney would have disclosed the prior State prosecution and suppression ruling,[1] there was no legal bar to refiling a federal charge after the State suppression decision and dismissal.  *United States v. Allen*, 16 F.3d 288 (8th Cir. 1994); *United States v. Burt*, 619 F.2d 831 (9th Cir. 1980).  Since they are separate sovereigns, res judicata does not apply and a state suppression order therefore does not require that the federal court suppress that evidence in subsequent federal proceedings arising from the same incident.  *United States v. Charles*, 213 F.3d 10 (1st Cir. 2000); *United States v. Miller*, 116 F.3d 641 (2d Cir. 1997).  *But see United States v. Regan*, 528 F.2d 1262 (2d Cir. 1975) (suggesting but because of the habeas corpus status of case not adopting a contrary result).  Moreover, since the granting of an evidentiary suppression motion is not a final judgment, it lacks an element necessary for the application of collateral estoppel.  *United States v. Wilson*, 413 F.3d 382 (3d Cir. 2005); *United States v. Dominguez*, 359 F.3d 839 (6th Cir. 2004); *United States v. Sifuentes*, 504 F.2d 845 (4th Cir. 1974).**

## O R D E R

**Based on the law and reasoning herein, Defendant's motion must be DENIED.**

---

[1] Defense counsel also failed to bring these matters to Judge Brack's attention at the suppression hearing, apparently on the ground these matters had been referenced in Defendant's bond application.

**SO ORDERED this 8th day of August, 2005.**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**BRUCE D. BLACK**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**